## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| SHELBY YOUNG and TYLER YOUNG, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WAL-MART STORES EAST, LP d/b/a WAL-MART and THOMAS SCOTT OWEN, | ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION
FILE NO. 21SV-301

## NOTICE OF REMOVAL

Wal-Mart Stores East, LP ("Walmart" herein), a non-resident limited partnership, by and through its attorneys and without waiving any objections to venue or other defenses; including, but not limited to, those available under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure; files this Notice of Removal of this case from the State Court of Spalding County, Georgia, to the United States District Court for the Northern District of Georgia, Newnan Division, and, states the following in support:

**I.   COMPLAINT**

1.   On October 4, 2021, Plaintiffs filed their Complaint in this matter, attached as Exhibit A, in the State Court of Spalding County, Georgia.

1

Walmart was served with copies of the Summons and Complaint on October 14, 2021. Ex. B, Service of Process Transmittal.

2. Plaintiffs seek an unspecified amount of actual damages, including damages for Shelby Young's medical expenses of "at least $108,469.93." Ex. A ¶ 52. Plaintiffs also seek an unspecified amount of punitive damages for Walmart's allegedly "wanton and willful" conduct. Ex. A ¶ 55. Plaintiffs allege that on May 23, 2020, Shelby and Tyler Young walked along the sidewalk towards the entrance of the Griffin, Georgia Walmart store. Ex. A ¶ 9. Barbara Stansell (a third party) drove her car parallel to the Youngs in the vehicle thoroughfare, and she "drifted onto the sidewalk, striking and running over Plaintiff Shelby Young's left leg causing severe injuries." Ex. A ¶ 9, 11. Plaintiffs claim that Defendants were negligent because they failed to "inspect and keep the premises and approaches in a safe condition." Ex. A ¶ 31.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### A. *This Case is Removable under 28 U.S.C. §§ 1441(a) and 1332(a)*

3. 28 U.S.C. § 1441(a) provides, in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

4. The United States District Court for the Northern District of Georgia, Newnan Division is the district and division embracing the location of the state court where this suit is currently pending.

5. Additionally, 28 U.S.C. § 1332(a), as amended, provides in relevant part:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different States.

6. As discussed below, complete diversity of citizenship exists in this matter, and Plaintiffs have established that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Therefore, this Court has original diversity jurisdiction over this case.

### B.   This Removal is Timely under 28 U.S.C. § 1446(b)

7. Under 28 U.S.C. § 1446(b), a notice of removal can be filed within thirty (30) days after receipt "through service or otherwise, [of] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Also under this statute, a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a

copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

8. Walmart was served with copies of the Summons and Complaint on October 14, 2021. The Complaint pleads an unspecified amount of damages, but Plaintiff Shelby Young seeks damages for her "severe and permanent injuries . . . which have prompted her to seek extensive medical treatment," including "past medical expenses in the amount of at least $108,469.93." Ex. A ¶ 51, 52. Plaintiffs have thus alleged damages in excess of $75,000.

9. Since Walmart is removing this case on the Monday that immediately follows[1] November 14, 2021 (thirty days after Walmart received service), removal is timely.

C. *Required Documents are Attached and Notice to the Clerk Has Been Given*

10. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served on Walmart are attached hereto as Exhibit C.

---

[1] Federal Rule of Civil Procedure 6(1)(c) provides that, "When [a deadline] is stated in days or a longer unit of time, include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Walmart's thirty-day deadline to file a notice of removal fell on Sunday, November 14, 2021. Under Rule 6, Walmart has until the end of the next day (after Sunday, November 14th) that is neither a Saturday, Sunday, or a holiday—Monday, November 15th.

11. Additionally, in accordance with 28 U.S.C. § 1446(d), Walmart will file a copy of this Notice with the Clerk of the State Court of Spalding County, Georgia, contemporaneous with the filing of the same with this Court.

### III. DIVERSITY JURISDICTION

12. As stated, this Court has original diversity jurisdiction over this case pursuant to § 1332(a) because Plaintiffs and Walmart are citizens of different states, and Plaintiffs have established that the amount in controversy exceeds $75,000.00.

#### A. *Diversity of Citizenship Exists*

13. According to the Complaint, Plaintiff Shelby Young is a resident and citizen of Georgia. Ex. A ¶ 1.

14. For purposes of 28 U.S.C. §§ 1332 & 1441, a limited partnership is deemed to be a citizen of each State in which one of its partners resides and of the State where its principal place of business is located. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990) (holding that a limited partnership has the citizenship of each of its partners). Walmart Stores East, LP is a Delaware limited partnership with its principal place of business in Arkansas. Walmart Stores East LP's sole partners are WSE Management, LLC and WSE Investment, LLC. Both WSE Management, LLC and WSE Investment, LLC are Delaware limited-liability

companies with principal places of business in Arkansas. WSE Management, LLC and WSE Investment, LLC's sole member is Walmart Stores East, LLC. Walmart Stores East, LLC is an Arkansas limited-liability company, with its principal place of business in Arkansas. Walmart Stores East, LLC's sole member is Walmart, Inc. (f/k/a Walmart Stores, Inc.). Walmart Stores, Inc. is a Delaware corporation, with its principal place of business in Arkansas. In sum, Walmart Stores East LP is a limited partnership with its principal place of business in Arkansas, and its members are Delaware LLCs whose sole members are in turn Arkansas LLCs, whose sole member is a Delaware corporation. Walmart Stores East LP is thus a citizen of Arkansas and Delaware for the purposes of this suit.

15. This Court has original jurisdiction over this suit pursuant to 28 U.S.C. § 1332, notwithstanding the joinder of Thomas Scott Owen. Defendant Owen is the manager of the Griffin, Georgia Walmart store and a Georgia resident and citizen. Plaintiffs have fraudulently and improperly joined Owen. Plaintiffs have not and cannot state a plausible cause of action or claim for relief against Owen under Georgia law, and they have no reasonable basis for predicting recovery against Owen. The Complaint, including the exhibits incorporated therein, reveals that Plaintiffs have no cause of action against Owen because they failed to plead any facts showing that they are entitled to relief. For example, Plaintiffs do not allege

6

any facts showing that Owen "created a hazard to pedestrians and invitees by placing the sidewalk in such close proximity to the vehicle thoroughfare with no meaningful barrier, obstacle, or physical differentiation." Ex. A ¶ 43. Nor do Plaintiffs allege any facts showing that Owen owed or breached any duty to "inspect the property and/or to make sure that employees inspected the Griffin Walmart to keep the premises and approaches safe." Ex. A ¶ 35. Plaintiffs rely solely on conclusory allegations against Owen, and those allegations are insufficient to state a claim upon which relief may be granted.

16. No properly joined defendant in this suit is a citizen of the State of Georgia. Plaintiffs joined Owen for the sole purpose of avoiding the jurisdiction of this Court, and Owen's citizenship should not be considered in determining the original jurisdiction of this Court. Once Owen's fraudulent joinder to this suit is disregarded, this suit meets the complete diversity requirements of § 1332.

### B.  *Amount in Controversy Has Been Met*

17. As set forth above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs based upon the face of the Complaint.

**WHEREFORE,** Defendant Walmart respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein and

that further proceedings in the State Court of Spalding County, Georgia be hereby stayed.

Respectfully submitted, this 15th day of November 2021.

**DREW ECKL & FARNHAM, LLP**

*/s/Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
*Attorneys for Defendant*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendant Walmart hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 15th day of November, 2021.

**DREW ECKL & FARNHAM, LLP**

*/s/Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
*Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a true and correct copy of the foregoing *Notice of Removal* to the parties via e-mail and by filing with the Court's electronic filing system, which automatically sends notice to the following counsel of record:

Jacob A. Weldon
Jonathan P. Sexton
Sexton Law Firm PC
124 Atlanta Street
McDonough, GA  30253
jacob@sextonlawfirm.com
jsexton@sextonlawfirm.com

This 15th day of November, 2021.

                                     **DREW ECKL & FARNHAM, LLP**
                                     */s/Michael L. Miller*
                                     Michael L. Miller
                                     Georgia Bar No. 508011
                                     *Attorneys for Defendants*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com